# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. 1:11-cv-01877-LJO-SAB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| FERMIN MARTINEZ DE LAO, | |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

The complaint in this action was filed on November 10, 2011, and default was entered against Defendant De Lao on February 24, 2012. (ECF Nos. 1, 9.) Plaintiff filed a motion for default judgment; and Defendant appeared at the motion hearing on April 20, 2012. Based on Defendant's assertion that he was going to defend in this action, the hearing on the motion for default judgment was continued, and Defendant was ordered to file a motion to set aside the entry of default. Although Defendant did not file a motion to set aside the entry of default, he did appear at the continued hearing on June 14, 2012. However, Plaintiff failed to appear for the hearing. The magistrate judge subsequently issued findings and recommendations recommending that Plaintiff's motion for default judgment be denied due to Plaintiff's failure to appear at the motion hearing. (ECF No. 14.) Plaintiff did not file objections to the findings and recommendations. On July 10, 2012, the district court issued an order denying Plaintiff's motion for default judgment without prejudice. (ECF No. 16.)

Following the reassignment of this action to this court, on January 8, 2013, an order issued requiring Plaintiff to file a motion for default judgment within thirty days. (ECF No. 18.) In the

order, Plaintiff was informed that failure to file a motion for default judgment would result in this action being dismissed for failure to prosecute. More than thirty days have passed and Plaintiff has failed to file a motion for default judgment or otherwise respond to the Court's order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the court order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

///

///

///

636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **February 15, 2013**

UNITED STATES MAGISTRATE JUDGE